UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BIOSENSE WEBSTER, INC., a California corporation,

    Plaintiff,

v.                                        Case No. 6:13-cv-258-Orl-27TBS

GREGORY A. SCOTT,

    Defendant.

## ORDER

This case was referred to me for decision on Plaintiff's Motion for Limited Expedited Discovery and Incorporated Memorandum of Law. (Doc. 10). This is one of three related cases pending in this District, all having to do with former employees of Plaintiff Biosense Webster, Inc. who are now employed by its competitor, St. Jude Medical S.C., Inc.[1] Biosense filed a similar motion in Case No. 6:13-cv-Orl-27TBS which was opposed and which the Court denied on April 12, 2013.

All of the individuals in question signed an Employee Secrecy, Intellectual Property, Non-Competition and Non-Solicitation Agreement ("Agreement") running in favor of Biosense. (Doc. 1-2 at 2). Biosense is concerned that Defendant Gregory A. Scott and its other former employees have or soon will call on the customers they previously serviced for it, to sell or service competing products. (Doc. 10 at 2). Should this occur, Biosense maintains it will constitute a breach of the Agreement and

---

[1] The other two cases are Case No. 6:12-cv-1569-Orl-27TBS and Case No. 6:13-cv-333-Orl-27TBS.

cause Biosense irreparable harm in the form of lost customers, lost sales and unlawful competition.  (Id.).  To avoid or minimize these possible consequences, Biosense is requesting the Court expedite discovery or in the alternative, expedite the FED. R. CIV. P. 26(f) conference in this case.  (Id. at 9, 13).  The expedited discovery Biosense is requesting includes an order requiring Scott to produce six categories of documents which generally cover the terms, circumstances and scope of his employment by St. Jude, and that he sit for his deposition.  (Id. at 7, 13).  Biosense is also asking leave of Court to serve a subpoena duces tecum on St. Jude to produce eleven categories of documents including Scott's personnel file, documents describing his job responsibilities and the identity of the customers he has or will service for St. Jude.  (Id. at 8-9).  Finally, Biosense wants to depose the St. Jude employee who hired Scott, about the reasons for Scott's hire.  (Id. at 9-10).

Discovery is governed by Rule 26.  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  FED. R. CIV. P. 26(d)(1).  The deadline for the parties' Rule 26(f) conference is May 30, 2013.  The Court has "broad discretion in managing pretrial discovery matters."  Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (quoting Perez v. Miami-Dade Co., 297 F.3d 1255, 1263 (11th Cir. 2002)).  The Court utilizes a good cause standard to determine whether expedited discovery should be permitted.  Nassau Terminals, Inc. v. M/V Bering Sea, No. 99-104-CIV-J-20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999)

(stating that moving party has the burden of showing good cause why discovery should be expedited); Dell, Inc. v. BelgiumDomains, LLC, No. Civ. 07-22674, 2007 WL 6862341, at * 6 (S.D. Fla. Nov. 21, 2007); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002).  Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.  Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006).

     There is no motion for a preliminary injunction currently pending in this case. However, Biosense argues that without the information it seeks it has no way of knowing whether Scott is complying with the Agreement, and thus, it is placed in an awkward position under Local Rule 4.06.  This argument addresses both the preliminary injunction factor and Biosense's reasons for requesting expedited discovery.  The Court is skeptical that Biosense does not know if Scott is moving business to St. Jude without the discovery it is requesting.  Contrary to Biosense's assertions, its discovery requests are broad in scope and appear to include all the information it will need from Scott to prove a breach of the non-competition restrictions in the Agreement.  But, the Court infers from Scott's lack of a response that he does not oppose the motion and the deadline for the parties' Rule 26(f) conference is still more than a month away.  Additionally, the information sought appears relevant to this

case and therefore, expediting discovery will not prejudice Scott or St. Jude since, apart from issues of confidentiality and privilege, the question is when, not if, they will have to provide the information.

After evaluating these factors, I find good cause to expedite discovery from Scott but not St. Jude. Accordingly, the motion is GRANTED to the extent that Biosense may serve its proposed requests for production to Scott at this time, and schedule him for deposition on the topics requested in its motion. The deposition shall occur more than 21 days from the rendition of this Order. In all other respects, the motion is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on April 15, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel